**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| AVERIL D. MILES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:21-cv-00106 |
| | ) | |
| | ) | |
| THE ART INSTITUTE OF HOUSTON, | ) | |
| INC., and UNITED STATES | ) | |
| DEPARTMENT OF EDUCATION, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

1.      Plaintiff Averil D. Miles brings this action to secure redress from unlawful credit reporting practices of defendants The Art Institute of Houston, Inc., and the United States Department of Education, in violation of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA").

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction under 28 U.S.C. §§1331 (general federal question), 1337 (interstate commerce) and 1367 (supplemental jurisdiction) and 15 U.S.C. §1681p (FCRA).

3.      Venue and personal jurisdiction in this District is proper because each Defendant is subject to jurisdiction here. The impact on Plaintiff's credit reports occurred here.

## PARTIES

4.      Plaintiff Averil D. Miles is a resident of Lansing, Illinois.

5.      Defendant The Art Institute of Houston, Inc., is a corporation with a principal place of business listed as 210 Sixth Avenue, 3rd Floor, Pittsburgh, PA 15222. It also does business at 4140 Southwest Fwy., Houston, TX 77027. Its registered agent and office is Prentice-Hall Corporation System, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

6.      The United States Department of Education is sued as maker or assignee of the

debt that is described below.  It has offices at 2505 S. Finley Rd., Lombard, IL 60148-4899.

## FACTS

7.      Defendants have been reporting to the major credit bureaus that Plaintiff is liable for a student loan or loans in the approximate amount of $36,165 allegedly originated by and disbursed to The Art Institute of Houston, Inc., in 2016 and made by or assigned to the Department of Education.

8.      Plaintiff did not sign any such loan documents, which, on information and belief, were electronically signed.

9.      Plaintiff is the victim of ID theft and/or fraud.

10.     On information and belief, at the time of the alleged loan the Art Institute of Houston, Inc., a for profit college, was part of a group of colleges sued for fraud. https://www.justice.gov/opa/file/793371/download ; https://archive.thinkprogress.org/why-students-say-their-degrees-from-the-art-institute-are-worth less-c346be20d899/  Also on information and belief, the U.S. Department of Education has programs to relieve borrowers from loans used to pay tuition at various Art Institute schools due to that fraud. News sources have reported that the Art Institutes obtained the vast majority of their funding from federal student loans, and that numerous Art Institute of Houston programs failed a federal test measuring debt after students' graduation in 2017. https://www.mysanantonio.com/local/education/campus-chronicles/article/9-Houston-programs-fail-federal-rules-on-debt-10847324.php

11.     In September 2019 Plaintiff filed a police report.

12.     In September 2019 Plaintiff filed an ID theft report with the Attorney General of Illinois.

13.     On June 20, 2020 Plaintiff filed an ID theft report with the Federal Trade Commission.

14.     On several occasions in 2019 and 2020, and again through counsel in June 2020,

Plaintiff disputed the debt with Experian, Equifax and Trans Union, and provided them with a copy of a police report he filed in September, 2019, and copies of the FTC fraud affidavit.

15.     In June and July, 2020, Plaintiff also requested copies of the documents related to the disputed loans, pursuant to 15 USC 1681g(e), from the Art Institute defendant, which refused to provide them unless the alleged student involved with the alleged loans signed a waiver, in violation of 15 USC 1681g(e).

16.     On information and belief, based on industry practice, Experian, Equifax and Trans Union contacted The Art Institute of Houston and the Department of Education in the course of investigating Plaintiff's disputes.

17.     On information and belief, based on communications from the credit bureaus, The Art Institute of Houston and the Department of Education responded to the dispute and reported to the bureaus that the debt was that of Plaintiff.

18.     Trans Union deleted the student loans from Plaintiff's credit report, but Experian and Equifax did not.

19.     The Art Institute of Houston refuses to provide copies of the application or loan documents or to block reporting of the accounts as was required by 15 U.S.C. §1681s-2(a)(6)(A) once he provided them with a copy of this ID theft police report and FTC fraud affidavit.

20.     On information and belief, Defendants failed to conduct a reasonable investigation of the matter after receiving Plaintiff's identity theft police report and fraud affidavit and accompanying dispute. Defendants did not ask Plaintiff for any information that could have been used in such an investigation, such as samples of his signatures, IP addresses, email addresses, or any other information.  The Department of Education also apparently did not take into account the allegations regarding school fraud, with which it was familiar.

21.     As a result, the loans continue to appear on Plaintiff's Equifax and Experian credit reports.

22.     Plaintiff was harmed by the conduct complained of, in that:

a. His credit report is substantially more negative than it would be if the student loans were not reported;

b. Because his credit score was damaged, the mortgage lender that had previously pre-approved his home loan denied it;

c. The new mortgage lender he secured required him to make a substantial down payment and increased the interest rate on his home loan;

d. He spent time and money attempting to correct the erroneous reporting; and

e. He suffered aggravation and distress.

## COUNT I – FCRA

23. Plaintiff incorporates ¶¶1-22.

24. Defendants violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b), by:

a. Failing to reasonably investigate Plaintiff's disputes; and

b. Verifying as belonging to Plaintiff a loan or loans that Plaintiff did not obtain.

25. Section 1681s-2(b) provides:

**(b) Duties of furnishers of information upon notice of dispute.**

**(1) In general. After receiving notice pursuant to section 611(a)(2) [15 USC §1681i(a)(2)] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall**

**(A) conduct an investigation with respect to the disputed information;**

**(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [15 USC §1681i(a)(2)];**

**(C) report the results of the investigation to the consumer reporting agency; and**

**(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the**

> **information and that compile and maintain files on consumers on a nationwide basis.**
>
> **(2) Deadline. A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 611(a)(1) [15 USC §1681i(a)(1)] within which the consumer reporting agency is required to complete actions required by that section regarding that information.**

26.     Defendants committed such violations willfully or negligently, thereby violating 15 U.S.C. §1681n and/or §1681o.

27.     Section 1681n provides:

> **§1681n.  Civil liability for willful noncompliance**
>
> **(a) In general.  Any person who willfully fails to comply with any requirement imposed under this title  with respect to any consumer is liable to that consumer in an amount equal to the sum of–**
>
> > **(1)**
> >
> > > **(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or**
> >
> > **(2) such amount of punitive damages as the court may allow; and**
> >
> > **(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. . . .**

28.     Section 1681o provides:

> **§1681o.  Civil liability for negligent noncompliance**
>
> **(a) In general.  Any person who is negligent in failing to comply with any requirement imposed under this title  with respect to any consumer is liable to that consumer in an amount equal to the sum of--**
>
> > **(1) any actual damages sustained by the consumer as a result of the failure;**
> >
> > **(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.**

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendants for:

       i.       Appropriate damages;

       ii.      Attorney's fees, litigation expenses and costs of suit;

       iii.     Such other or further relief as the Court deems proper.

## COUNT II – DECLARATORY JUDGMENT

29.     Plaintiff incorporates ¶¶1-22.

30.     There is a controversy between Plaintiff, on the one hand, and The Art Institute of Houston, Inc., and the Department of Education, on the other, as to whether Plaintiff is the person responsible for the loans at issue.

31.     In addition, if the Department of Education is allowing for relief from legitimate loans from the school in question, they should not be allowed to attempt to collect such a loan from an identity theft victim.

32.     A declaratory judgment is necessary to resolve such controversy.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendants for:

       i.       A judgment declaring that Plaintiff is not responsible for the loans at issue;

       ii.      Costs of suit;

       iii.     Such other or further relief as the Court deems proper.


                     */s/ Daniel A. Edelman*
                     Daniel A. Edelman

Daniel A. Edelman
Tara L. Goodwin
Carly M. Cengher
**EDELMAN, COMBS, LATTURNER**
**& GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:
courtecl@edcombs.com

-6-

## VERIFICATION

The undersigned declares under penalty of perjury, as provided for by 28 U.S.C. §1746, that the facts stated in the foregoing complaint are true to the best of the undersigned's knowledge and belief.

Averil D. Miles

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.


*/s/ Daniel A. Edelman*
Daniel A. Edelman


Daniel A. Edelman
**EDELMAN, COMBS, LATTURNER**
**& GOODWIN, LLC**
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)